**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Melisa Thompson,**
**Claimant Below, Petitioner**

**v.)      No. 24-281**      (JCN:  2021003711)
                              (ICA No. 23-ICA-437)

**Genesis Healthcare Group,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Melisa Thompson appeals the March 25, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Thompson v. Genesis Healthcare Group*, No. 23-ICA-437, 2024 WL 1270271 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Respondent Genesis Healthcare Group filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the September 5, 2023, order of the Board of Review, which affirmed the claim administrator's February 24, 2022, order granting Ms. Thompson a 0% permanent partial disability ("PPD") award.

On appeal, the petitioner argues that the preponderance of the evidence provides that she sustained more than 0% whole person impairment due to the compensable injury. The petitioner contends that the Board of Review's decision is clearly wrong and the ICA should have reversed it because the petitioner has significant residual impairments due to her compensable injury. Specifically, the petitioner asserts that the Board of Review erred by relying on the report of pulmonologist George L. Zaldivar, M.D., which the petitioner alleges is flawed and erroneous on its face. As such, the petitioner argues that the Board of Review should not have found the opinion of Dr. Zaldivar more persuasive solely because he is a pulmonologist, and she believes that the Board of Review ignored medical evidence that establishes that her symptoms did not preexist her compensable diagnosis. The respondent counters by arguing that the Board of Review's decision was well-reasoned and free of legal and factual error, and the ICA properly affirmed the decision.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Evan J. Jenkins.

1

Affirmed.

**ISSUED: February 20, 2025**

**CONCURRED IN BY:**
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV


**DISSENTING:**
Chief Justice William R. Wooton


WOOTON, Chief Justice, dissenting:

I respectfully dissent, as I believe this case should have been placed on the Court's Rule 19 docket for oral argument and an in-depth review of the medical evidence.

Petitioner Melisa Thompson ("the petitioner") was exposed to COVID-19 during the course of her employment and contracted the disease. She was hospitalized for ten days with fever, cough, and bilateral pneumonia, and contends that as a result of her work-related injury she has developed PTSD, anxiety and depressive disorder, pulmonary impairment, cough, abnormal vision, fatigue, spasm, and diarrhea.

The medical records do not indicate that the petitioner had any symptomatic pulmonary impairment prior to her work-related exposure to COVID-19. Further, none of the physicians upon whose opinions the Board of Review relied, and in particular Dr. Zaldivar who opined that all of the petitioner's post-COVID-19 pulmonary issues were somehow attributable to her preexisting obesity, pointed to facts which would "prove the degree of impairment attributable to the claimant's preexisting condition(s)." Syl. Pt. 6, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

The opinions of the Board of Review and the Intermediate Court strongly suggest the existence of "fat bias" on the part of the physicians who evaluated the petitioner's claims. Accordingly, I respectfully dissent from the majority's summary affirmance.